```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          Richmond Division
```

MARINOS GELARDOS,           )
                            )
       Plaintiff,           )
                            )
v.                          )     Civil Action No. 3:11CV425–HEH
                            )
A. WHITTINGTON, *et al.*,   )
                            )
       Defendants.          )

## MEMORANDUM OPINION
### (Granting Motion for Summary Judgment)

Marinos Gelardos, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Gelardos contends that, on April 28, 2011, Defendant Whittington used excessive force against his person in violation of the Eighth Amendment.[2] The matter is before the Court on Defendant Whittington's Motion for Summary Judgment (ECF No. 20) on the ground that Gelardos failed to exhaust his

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

administrative remedies.³ Defendant Whittington provided Gelardos with the appropriate *Roseboro*⁴ notice. Gelardos has not responded. The matter is ripe for disposition.

## I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see*

---

³ By Memorandum Opinion and Order entered on March 8, 2012, the Court dismissed Gelardos's claims against the other named defendants.

⁴ *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

Fed. R. Civ. P. 56(c)(3) ("The court need consider only cited materials, but it may consider other materials in the record.").

Defendant Whittington asks the Court to dismiss Gelardos's claim because Gelardos failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendant Whittington bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his Motion for Summary Judgment, Defendant Whittington submits: the affidavit of K. Tucker, the Institutional Omsbudsman at Coffeewood Correctional Center ("Coffeewood"); (Mem. Supp. Mot. Summ. J. Ex. I ("Tucker Aff.")); Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Encl. A ("Operating Procedure § 866.1"));[5] and, a copy of Gelardos's Informal Complaint (*id.* Encl. B).

In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## II. Summary of Pertinent Facts

### A. VDOC's Grievance Procedure

Operating Procedure § 866.1, Inmate Grievance Procedure, is the mechanism used to resolve inmate complaints at Coffeewood. (Tucker Aff. ¶ 4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve

---

[5] The Court has omitted the emphasis in the quotations to this document.

complaints. (Operating Procedure § 866.1.V.A.) Generally, a good faith effort requires the inmate to file an informal complaint form. (*Id.* § 866.1.V.A.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.2.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to

4

the inmate within two working days. (*Id.* § 866.1.VI.B.3.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.4.)

### 2. Grievance Appeals

Up to three levels of review for a regular grievance exist. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.V.C.1.) If the offender is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the Regional Administrator, the Health Services Director, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she may pursue an appeal to Level III. (*Id.* § 866.1.VI.C.2.f.)

### B. Facts Pertaining to Gelardos's Exhaustion of Administrative Remedies

On April 28, 2011, Gelardos was incarcerated at Coffeewood in the Special Housing Unit ("SHU"). (Compl. 3–4.) On that date, while Gelardos was in hand and leg restraints, Defendant Whittington allegedly punched Gelardos in the stomach. (*Id.* at 4.)

Gelardos never filed a regular grievance relating to his complaint that Defendant Whittington punched him in the stomach. (*Id.* at 3; Tucker Aff. ¶ 7.) On June 9, 2011, Gelardos submitted an informal complaint wherein he complained that Defendant Whittington made comments to him in the presence of other inmates that suggested to the other inmates that Gelardos was a snitch. (Tucker Aff. Encl. B.) In that informal complaint, Gelardos also mentioned that, while Gelardos was in the SHU at Coffeewood,

5

Defendant Whittington had punched him in the stomach. (*Id.*) Coffeewood staff investigated the informal complaint and found that it lacked merit. (*Id.*)

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Because Gelardos failed to file a regular grievance pertaining to the April 28, 2011 incident and pursue it though all available levels of appeal, he has failed to comply with 42 U.S.C. § 1997e(a). Accordingly, the Motion for Summary Judgment (Dk. No. 20) will be granted. The action will be dismissed without prejudice.[6]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 9, 2012
Richmond, Virginia

---

[6] *See Arambula v. Clarke*, No. 3:10CV121, 2012 WL 618898, at *4 (E.D. Va. Feb. 24, 2012) (observing "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).